IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

STEPHANIE MACKIE-HATTEN,

      Petitioner,

v.                             Case No.:  1:21-cv-00248

M. CARVER, Warden, FPC Alderson,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On April 16, 2021, Stephanie Mackie-Hatten filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Mackie-Hatten's Petition for a Writ of Habeas Corpus, **DISMISS** this action, and **REMOVE** it from the docket of the Court.

## I.    Introduction

At the time Mackie-Hatten filed the instant habeas petition, she was incarcerated at the Federal Prison Camp located in Alderson, West Virginia ("FPC Alderson"). According to the Federal Bureau of Prisons inmate locator application, Mackie-Hatten is

now housed at the Federal Correctional Institution located in Danbury, Connecticut ("FCI Danbury").

In her petition for habeas relief, Mackie-Hatten complains that she is not receiving proper medical treatment for a condition she has had since July 2019. She asks the Court to order FPC Alderson to take her to a dermatologist for treatment. On May 7, 2021, the undersigned issued an Order instructing Respondent to answer the petition and show cause why the relief requested should not be granted. (ECF No. 5). Respondent complied with the order and filed an answer in which Respondent moved that the petition be dismissed, in relevant part, because it failed to state a claim cognizable under 28 U.S.C. § 2241. (ECF No. 6). Respondent argued that Mackie-Hatten's petition involved challenges to her conditions of confinement, and did not attack the execution of her sentence. Therefore, the claims should have been brought in a civil rights complaint, rather than in a § 2241 habeas petition. (*Id.*). On May 26, 2021, the Court directed Mackie-Hatten to reply to Respondent's request for dismissal within sixty days. (ECF No. 9). Mackie-Hatten did not file a reply, although the docket indicates that she received the Order.

## II.   <u>Discussion</u>

As Respondent correctly emphasizes in the Response to Order, Mackie-Hatten fails to state a claim in her petition that is cognizable under 28 U.S.C. § 2241. A habeas petition is the proper mechanism by which a prisoner disputes the "fact or duration" of her confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). Generally, a motion filed under section 2255 attacks the validity of a federal conviction or sentence, *Rice v.*

*Rivera,* 617 F.3d 802, 807 (4th Cir.2010), while a petition under section 2241 challenges the execution of a sentence. *United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). When a prisoner attempts only to alter the conditions of her confinement, rather than the duration of her sentence, the appropriate vehicle is a civil rights action. *Preiser,* 411 U.S. at 494, 498–99.

Here, Mackie-Hatten complains exclusively about the alleged inadequate care of her dermatologic condition. (ECF No. 1). Such a claim does not challenge the fact or duration of her sentence. Accordingly, the undersigned **FINDS** that Mackie-Hatten fails to state a claim for habeas relief. *See Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging a split among circuits, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson,* 580 Fed. Appx. 172 (4th Cir.2014)).

Moreover, the undersigned **FINDS** that Mackie-Hatten's request for additional medical care at FPC Alderson is moot, because she is no longer housed at that facility. "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that

3

must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "As a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). As Mackie-Hatten seeks only prospective injunctive relief in this action, her transfer to FCI Danbury moots her claim.

Federal courts are permitted to consider disputes which are moot if they are "capable of repetition, yet evading review." *Incumaa v. Ozmint*, 507 F.3d 281, 288–89 (4th Cir. 2007) (citing *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.,* 551 U.S. 449 (2007) (internal quotation marks omitted)). However, "[i]n the absence of a class action, jurisdiction on the basis that a dispute is capable of repetition, yet evading review is limited to the exceptional situation in which (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal quotation marks and citations omitted). The party advocating for the exception to the mootness doctrine bears the burden of demonstrating that the exception applies. *Id.* (citing *Brooks v. Vassar,* 462 F.3d 341, 348 (4th Cir. 2006)).

Mackie-Hatten's claim does not satisfy the exception to mootness. Her medical condition is chronic and can be treated at FCI Danbury. Furthermore, she has not demonstrated a reasonable expectation that she will return to FPC Alderson and face the same inadequate medical treatment. "Mere conjecture ... that the prisoner may return to the first prison and again face the alleged wrong is not sufficient to meet the mootness

exception." *Owens v. FCI Beckley*, No. 5:12-CV-03620, 2013 WL 4519803, at *7 (S.D.W. Va. Aug. 27, 2013) (citing *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir.1996)). Consequently, given Mackie-Hatten's exit from FPC Alderson, and in the absence of a demonstrated probability that she will return to FPC Alderson, her claim in this Court regarding inadequate medical treatment is moot.

### III.    Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED,** this action be **DISMISSED,** with prejudice, and it be **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de*

*novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner at FCI Danbury and to counsel of record.

**FILED:**  October 15, 2021

Cheryl A. Eifert
United States Magistrate Judge

6